### JOHN RUSTON *v.* THE STATE.

THEFT OF ANIMALS— CHARGE OF THE COURT.—Purchase in good faith from one having possession, and without knowledge or reason to believe that the animals were stolen, is a valid defense, and, such purchase being an issue in the case, a charge is deficient that fails to enunciate the law applicable to such defense.

APPEAL from the District Court of De Witt.    Tried below before the Hon. H. C. PLEASANTS.

Abe Bowen, W. H. Rice and the appellant were jointly indicted for the theft of two geldings, the property of B. and L. Miriam, in De Witt county, on the 25th day of August, 1879.    A five years' term in the penitentiary was assessed against the appellant, who was alone on trial.

The sole defense was that the horses were traded for by Bowen with a man named Woods, and that the appellant merely assisted Rice in his efforts to sell one of the horses which was given to him by Bowen, his step-father. Bowen, who had been tried upon the same indictment and acquitted, testified to his trade with Woods, and exhibited a bill of sale signed by R. W. Woods, and witnessed by W. H. Rice and G. W. Ruston, the appellant's brother, and duly recorded.    The appellant's subsequent connection with the horse was testified to by W. H. Rice.

No brief for the appellant.

H. *Chilton,* Assistant Attorney General, for the State.

WINKLER, J.　If we correctly apprehend the ground of the defense relied on at the trial below, it is that the appellant had purchased the animal alleged to have been stolen, from one Wood. This seems to have been the controlling, if not the only, issue presented and attempted to be proved. From a careful examination of the charge of the court, we are constrained to say that, whilst with a single exception it presented the law of the case in a clear, full and explicit enunciation of the law applicable to the facts proved, on this vital issue, the purchase of the property, the charge is deficient. If the fact be that the defendant purchased the animals in good faith, not knowing or having reasonable grounds to believe that they had been stolen, this would be a valid defense, and being the only issue tendered and attempted to be proved by the defendant, it should have have been clearly and pointedly submitted to the jury by the court.

Because of this defect in the charge as to the law of the case arising upon the proofs, the judgment must be reversed and the case remanded for a new trial. Other errors complained of are not considered, for the reason that such of them as are of seeming importance are not likely to arise on another trial.

*Reversed and remanded.*